IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**In re: TAMARA SUE CREWS,**　　　　　　　　Case No. 14-35243-KLP
　　　　　　**Debtor.**　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　Trustee: Bates

## NOTICE OF MOTION AND HEARING

　　　The Debtor, by Counsel, has filed papers with the Court, asking the Court to continue the automatic stay.

　　　**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

　　　If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then, **at least 3 days prior to October 22, 2014,** you or your attorney must:

　　　File a response with the Court, pursuant to Local Bankruptcy Rule 9013-(H). You must mail your response to the Clerk, United States Bankruptcy Court, 701 E Broad Street, Suite 4000, Richmond, VA 23219.

　　　You must also attend a hearing on the Motion to Extend the Automatic Stay, scheduled to be held on **October 22, 2014, at 12:00pm** in Judge Phillips' Courtroom at the U.S. Bankruptcy Court, 701 E Broad Street, Courtroom 5100, Richmond, VA 23219.

　　　You must also mail a copy of your response to: Nnika E. White, Esq., Counsel for Debtor, 9101 Midlothian Turnpike, Suite 800, Richmond, VA 23235.

　　　**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that Motion.**

Date: October 7, 2014　　　　　　　　　　　　/s/ Nnika E. White
　　　　　　　　　　　　　　　　　　　　　　Nnika E. White, Esq.
　　　　　　　　　　　　　　　　　　　　　　VSB # 47012
　　　　　　　　　　　　　　　　　　　　　　Law Office of White & Associates
　　　　　　　　　　　　　　　　　　　　　　9101 Midlothian Turnpike, Suite 800
　　　　　　　　　　　　　　　　　　　　　　Richmond, VA 23235
　　　　　　　　　　　　　　　　　　　　　　(804) 377-9431

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**In re:  TAMARA SUE CREWS,**   Case No. 14-35243-KLP
**Debtor.**   Chapter 13
   Trustee: Bates

## MOTION TO EXTEND THE AUTOMATIC STAY

COMES NOW Tamara Sue Crews, by Counsel, Nnika E. White, Esq., and offers the following memorandum in support of her motion to extend stay:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §362, and this matter is a core proceeding under the Bankruptcy Code.

2. On September 29, 2014, the Debtor filed in this Honorable Court a Petition for Relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §1301 (the "instant case").  Carl M. Bates was appointed to serve as Chapter 13 Trustee in this case (the "Trustee").

3. The Debtor previously filed one (1) Chapter 13 bankruptcy case: Case No. 12-31264 (hereinafter "prior case"), filed on February 29, 2012, and dismissed on September 18, 2014, for failure to make plan payments. The prior case was pending within one (1) year of the filing of the instant case, thus triggering the provision of 11 U.S.C. §362(c)(3).

4. In the instant case, the Debtor proposes a Chapter 13 Plan (the "Plan") that commits all disposable income to paying the Trustee.

5. The Debtor can clearly demonstrate to the Court that the instant case was filed in good faith.  In evaluating the debtor's faith in filing bankruptcy, courts within the Fourth Circuit are given broad discretion but are directed to look to "the totality of the circumstances...on a case by case basis." <u>Deans v. O'Donnell</u>, 692 F.2d968, 972 (4th Cir. 1982).  Among the factors to be considered are "the percentage of proposed repayment, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." <u>Neufeld v. Freeman.</u>794 F.2d 149, 152 (4th Cir. 1986), citing <u>Deans</u> at 972 and quoting 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

6. In the instant case, the Debtor has acted in good faith, and it is in the best interests of all creditors for this Court to enter an order extending the stay throughout the duration of the Debtor's Chapter 13 case.

7. The Debtor's financial situation is insufficient for her to pay her debts outside of the bankruptcy, but is strong enough to make the instant case feasible. Also, the period of time for payment of the debts is reasonable. The Debtor has steady income, and is therefore likely to complete the terms of this Plan. Additionally, the Debtor has been honest in representing her schedules and statement of affairs, and there are no unusual or exceptional problems facing the Debtor.

WHEREFORE, the Debtor moves that this Court grant her Motion to Extend the Automatic Stay.

RESPECTFULLY SUBMITTED:

TAMARA SUE CREWS

/s/ Nnika E. White
Nnika E. White, Esq.

Nnika E. White, Esq.
VSB #47012
Law Office of White & Associates
9101 Midlothian Turnpike, Suite 800
Richmond, VA 23235
(804) 977-9431

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice and Motion were mailed electronically via CM/ECF to the Chapter 13 Trustee at station01@richchap13.com, and via first-class mail to all creditors on the attached mailing list and all other necessary parties on October 7, 2014.

/s/ Nnika E. White
Nnika E. White, Esq.
*Counsel for Debtor*