IN THE UNITED STATES BANKRUPTCY COURT
OF THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:  TAMARA SUE CREWS, ) | Case No. 12-31264-KLP |
| ) | Case No. 14-35243-KLP |
| Debtor. ) | Chapter 13 |
| ) | |
| ) | |
| ) | |
| JUDY A. ROBBINS, ) | |
| ) | |
| United States Trustee for Region Four, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| TAMARA SUE CREWS ) | |
| and ) | |
| NNIKA E. WHITE ) | |
| and ) | |
| THE LAW OFFICE OF WHITE & ) | |
| ASSOCIATES, PLLC ) | |
| ) | |
| Respondents. ) | |

RESPONDENT'S ANSWER TO UNITED STATES TRUSTEE'S MOTION TO EXAMINE

Comes now, before the Honorable Court, the Respondents, Tamara Crews ("Crews") and Nnika White ("White") and aver as follows:

Respondents respectfully represent:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C §157 and 1334, and this matter is a core proceeding under the Bankruptcy Code.

2. Respondents admit the statements in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 54, and 58.

## PRELIMINARY STATEMENT

3. White denies the allegations in paragraphs 12, 13 and 15 and demands strict proof thereof as White asserts that the allegations within the VSB Certification are misleading, false and not proven.

4. White admits from paragraph 14 that there is a hearing scheduled for November 20, 2015 in which a Trial will occur on the VSB Certification as White is confident the VSB Certification will be dismissed.

5. Respondents admit the statement in paragraph 20 to the extent that at the time of Crews 2012 and 2014 filings, and White in both of the Respondents opinions was not a creditor of debt based upon agreements between Crews and White.

6. Respondents admit the statement in paragraph 28 to the extent it was an oversight on the voluntary petition but always fully acknowledged in Court and with any party that this was a second bankruptcy.

7. Respondents admit the statement in paragraphs 37, 38 and 39 only to the extent that it summarizes a position taken by the United States Trustee and deny the allegations as to any wrong doing on the actions of the Respondents.

8. Respondents and more specifically White deny the allegations in paragraphs 40-53 as the United States Trustee is citing the VSB Certification as facts versus allegations not proven true in its current nature and form. White has never taken advantage of Crews nor has Crews taken advantage of White. White never intentionally falsely provided information to the Bankruptcy Court and at all times past, present and future has had Crews interest in mind.

9. Respondents and more specifically White adamantly deny the allegation in paragraphs 55 and 56 demands strict proof thereof.

10. The allegations in paragraph 57 (a-e) consists of a recitation from the Virginia Rules of Professional Conduct of Rule 1.1, 1.7, 3.3, 4.1 and 8.4, and as such Respondents are not required to admit or deny the allegations.

11. Respondents deny the allegations in paragraphs 59-63 and demand strict proof thereof.

12. Respondents can neither admit nor deny the allegations in paragraphs 64 as it is a legal conclusion of the United States Trustee.

13. Respondents and more specifically White deny the allegations in paragraphs 65-75 and demand strict proof thereof.

14, Respondents can neither deny nor admit the statements in paragraphs 76 and 77 as they are legal conclusions of the United States Trustee.

15. Respondents deny the allegations in paragraph 78 and White specifically indicates that all funds from the $33,400 that were paid to the Law Firm of White & Associates have been returned either to Crews or to the Chapter 13 Trustee. Crews had a large portion of her income reduced by a right of set off in the amount of $1425 a month from October 2014 to the present and as such, would not have been able to keep up with her house nor her bankruptcy plan. Even if placed on the schedules Crews would have used the funds to offset the reduction of her income and as facts and amended schedules will show it will balance out her income and expenses.

16. Respondents can neither deny nor admit the statements in paragraph 79-91 as they are legal conclusions of the United States Trustee, or recitations of the Bankruptcy Code/Rules, or Collier Sections.

17. Respondents deny the allegations in paragraphs 92-96 and demand strict proof thereof.

18. Any and all allegations not specifically admitted are denied and therefore the Respondents demands strict proof thereof. Furthermore, the Respondent notes their opposition to any waiver of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

19. Respondents will additionally file a memorandum of law supporting this Answer.

WHEREFORE, Respondents pray that the Court deny the relief sought by the United States Trustee in their Motion, and specifically: (1) that White not be disgorged of all compensation paid from the bankruptcy cases, (2) that White not be sanctioned monetarily, (3) that White not be suspended from the practice of law before this Court, and (4) find no basis for the Motion to Examine and dismiss this Motion accordingly, and for such further and other relief as the Court shall find appropriate and just.

Respectfully Submitted,

Tamara Sue Crews, Nnika E. White and The Law Office of White and Associates, PLLC

/s/ Nnika E. White -VSB 47012
Counsel for Respondents

SEEN AND AGREED:

/s/ Tamara Sue Crews
Tamara Sue Crews

Nnika E. White, Esquire
Law Offices of White & Associates, PLLC
9101 Midlothian Turnpike, Ste. 800
Richmond, Virginia 23235
(804) 377-9431 Phone
(804) 377-9434 Facsimile

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Answer was mailed electronically CM/ECF, facsimile or via first class pre-paid mail on this date to the United States Trustee, appointed Chapter 13 Trustee, and all necessary parties in interest in the above case.

Date: October 20, 2015                    /s/ Nnika E. White-VSB 47012
                                          Counsel for Respondents