**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>　　　　　　TAMARA SUE CREWS,<br>　Address:　11955 Mountain Laurel Drive<br>　　　　　　Richmond, VA 23236-2549<br><br><br>　　Debtor(s).<br><br> U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST<br>　　　Plaintiff,<br><br>v.<br><br>TAMARA SUE CREWS,<br>Debtor(s)<br>CARL M. BATES<br><br>　　Defendants. | CASE NO: 14-35243-KLP<br><br>CHAPTER 13 |

**CONSENT ORDER RESOLVING MOTION FOR RELIEF**

　　This matter is scheduled to be heard by this Court on November 4, 2015 on the Motion of

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,

for relief from the automatic stay with respect to real property located at 11955 Mountain Laure,

North Chesterfld, VA 23236, and is more particularly described as follows:

　　ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND WITH IMPROVEMENTS

　　THEREON AND APPURTENANCES THERETO, LYING AND BEING IN

　　CHESTERFIELD COUNTY, VIRGINIA, DESIGNATED AS LOT 9, BLOCK S,

　　SECTION D, SMOKETREE, ON SUBDIVISION PLAT BY J.K. TIMMONS &

　　ASSOCIATED, DATED AUGUST 20, 1979, RECORDED AUGUST 31, 1979, IN THE

M. Christine Maggard, VSB# 33824
Brock & Scott, PLLC
484 Viking Dr., Ste. 203
Virginia Beach, VA 23452
757-213-2959
vaecf@brockandscott.com
*Counsel for the Movant*

CLERK'S OFFICE, CIRCUIT COURT, CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 34, PAGE 49, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION. TAX MAP OR PARCEL ID NO.: 7376995018000000

Upon consideration of the foregoing, it is **ORDERED:**

1. The Debtor will resume making all future regular monthly installment payments, in the amount of $1,075.14, as they become due commencing January 1, 2016. Payments will include any late charges effective as of the January 1, 2016 payment, if applicable pending further notice from the Movant. The debtors have been advised of the settlement and the Debtors' counsel advised movant that the Debtors are in agreement with the terms.

2. Consent by the Trustee to the proposed terms of this order does not constitute consent to the terms of any future amended plan, including the one contemplated herein, including but not limited to terms which propose to shorten the duration of the plan, lessen the amount of the plan payments or decrease the plan base of the existing plan.

3. Debtor's will amend the Amended Plan, Docket Entry 21, filed on October 23, 2014, to properly treat the post-petition arrearage as stated on the Movant's Motion for Relief from Stay, Docket Entry No. 54 and the Updated Payment History provided to Debtor's Counsel during the negotiation of this Consent Order, in the amount of $7,525.98 for payments due June 1, 2015 through December 1, 2015 less suspense in the amount of $30.92, plus attorney fees and costs in the amount of $1,026.00, for the total amount due of $8,521.06. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds. The Debtors will file an amended plan with pre-petition and the listed post-petition arrears within 30 days of the entry of this order.

    a. By entry of this Order, the Movant shall have leave to amend its Proof of Claim to include the pre-petition and post-petition arrears without filing a Motion to Allow a Late Proof of Claim within 30 days of the entry of this order.

4. In the first paragraph of the amended plan, in the space provided therefore, the amended plan shall clearly set forth that the plan is being amended to include payments of post-petition mortgage arrearages and general unsecured creditors may be affected by the modification.

5. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The Notice of Default will state in simple and plain language the following:

    a. That the Debtor is in default of not making at least one payment required under this order.

    b. The date(s) and amount(s) of each missed payment and any late charge or other fee(s) necessary to cure the default;

    c. The action necessary to cure the default, including any address to which payments must be mailed:

    d. That the Debtor or Trustee must take one of the following actions within 14 (fourteen) days after the date of the mailing of the Notice of Default:

        i. Cure the default;
        ii. File an objection with the Court stating that no default exists; or

      iii.    File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

e. That if the Trustee or Debtor do not take one of the actions set forth in paragraph 5(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and

f. That if the automatic stay is terminated, the collateral may be sold at the foreclosure sale.

    If the Trustee or Debtor, file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

6. The provisions of this Order, with respect to regular monthly installment payments, expire one year after the date of entry of this order. In the event of the default in the payment of any regular monthly installment payments due more than one year after the date of entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

7. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

8. The automatic stay is modified to permit the Note holder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment,

notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the Court.

9. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $150.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $150.00, for issuance of a certificate of default and preparation of an Order Terminating the Automatic Stay.

10. In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

11. All future payments made pursuant to the terms of this order by the Debtor should be forwarded to the following address until further notice.

> Caliber Home Loans
> Attn:  Cash Operations
> P.O. Box 24330
> Oklahoma City, OK 73124-0330

Once the debtor makes all of the stipulated payments and the regular monthly mortgage payments during the cure period as required in the Order, then all monthly payments, costs, fees and late charges shall be deemed current from the date of the filing of the bankruptcy through the date of the entry of the Order.

FURTHER ORDERED that the Movant shall promptly notify the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed and pay the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon further order of the Court.

Nov 4 2015
ENTERED this ____ day of ____ 2015

/s/ Keith L. Phillips
_____
JUDGE

**I ASK FOR THIS:**                                    Entered on Docket: Nov 5 2015

/s/ M. Christine Maggard
M. Christine Maggard, VSB# 33824
Brock & Scott, PLLC
484 Viking Dr., Ste. 203
Virginia Beach, VA 23452
757-213-2959
vaecf@brockandscott.com
*Counsel for the Movant*

**SEEN:**

/s/Nnika E. White authorized via email
Nnika E. White
9101 Midlothian Turnpike
Suite 800
Richmond, VA 23235
*Counsel for Debtor*

/s/Carl M. Bates authorized via email
Carl M. Bates
P. O. Box 1819
Richmond, VA 23218
*Trustee*

## CERTIFICATE

I hereby certify that this proposed Order has been endorsed by all necessary parties involved in this proceeding.

/s/ M. Christine Maggard
M. Christine Maggard, VSB# 33824

The Clerk shall mail a copy of the entered Order to the following:

Nnika E. White
9101 Midlothian Turnpike
Suite 800
Richmond, VA 23235
*Counsel for Debtor*

Tamara Sue Crews
11955 Mountain Laurel Drive
Richmond, VA 23236-2549
*Debtor*

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218
*Trustee*

M. Christine Maggard
Brock & Scott, PLLC
484 Viking Dr., Ste. 203
Virginia Beach, VA 23452
*Counsel for the Movant*

## CERTIFICATE

The undersigned certified that the foregoing Order Resolving Relief from Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made:

/s/M. Christine Maggard
Attorney for Movant